UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STARR INDEMNITY AND LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAMENZIND DREDGING, INC.,<br><br>Defendant. | Case No. 19-CV-00694-LHK<br><br>**ORDER DENYING MOTION TO DISMISS OR STAY**<br><br>Re: Dkt. No. 16, 17 |

Defendant Camenzind Dredging, Inc. ("Camenzind") brings a motion to dismiss Plaintiff Starr Indemnity and Liability Insurance Company's ("Starr") complaint or, alternatively, to stay the case. ECF No. 16. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES the motion to dismiss or stay the case.

## I. BACKGROUND

### A. Factual Background

On or about July 7, 2017, Paul Williams filed a complaint against Camenzind and MB Marine, Inc. ("MB Marine," formerly known as Maritime Logistics, Inc.) in the Superior Court of California, County of San Luis Obispo. ECF No. 1 ("Compl."), ¶ 5. Williams's state court complaint alleges that he sustained a knee injury while working aboard a vessel called the

1
Case No. 19-CV-00694-LHK
ORDER DENYING MOTION TO DISMISS OR STAY

1  Surveyor ("Vessel") as a result of the misconduct of Camenzind and MLI and the unseaworthy
2  conditions of the Vessel. *Id.* ¶¶ 5–6. MBI filed a cross-complaint against Camenzind. ECF No.
3  2., Ex. E. During that time, Camenzind was insured by Starr under a policy which provided
4  coverage for certain Protection & Indemnity ("P&I") risks, which Starr alleges was limited to the
5  insured vessels and crew that were listed on the policy. *Id.* ¶¶ 8–11. Camenzind was also insured
6  by Starr under a Commercial Marine Liability ("CML") policy, as well as a Bumbershoot policy,
7  which provided coverage in excess of the P&I and CML policies. *Id.* ¶¶ 13–15.

On or about October 23, 2017, Camenzind's attorneys provided Starr with notice of Williams's complaint, and tendered the same for defense and indemnity. *Id.* ¶¶ 7. Camenzind determined that none of the policies provided coverage for Williams's injury and lawsuit. *Id.* ¶¶ 12, 15, 22. Starr denied Camenzind's request to reconsider its coverage position. *Id.* ¶ 25. Starr also found that Camenzind was not covered for MB Marine's cross-complaint.

**B. Procedural History**

On February 7, 2019, Starr filed the instant action in this Court, asking the Court to declare that it has no duty to defend or indemnify Camenzind for the underlying injury and the resulting litigation in state court. *Id.* ¶¶ 28–35.

On June 20, 2019, Camenzind filed its Notice of Motion and Motion to Dismiss Plaintiff's Complaint for Declaratory Relief. ECF No. 16 ("Mot."). Camenzind's motion asked the Court to exercise its discretion to abstain in the federal declaratory action, and requested, in the alternative, that the Court stay the action pending the state court litigation. *Id.* On July 3, 2019, Starr filed its opposition to Camenzind's motion, ECF No. 20 ("Opp'n"), and on July 11, 2019, Camenzind filed a reply, ECF No. 21 ("Reply").

In support of its motion, Camenzind filed a request for judicial notice, asking the Court to judicially notice publicly filed court documents pertaining to Williams's suit in state Superior Court. ECF No. 17. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th

2

Cir. 1992). A court may also take judicial notice of the existence of matters of public record but not the truth of the disputed facts cited therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001). Because the documents Camenzind supplied bear on the question of whether abstention would be appropriate, the Court GRANTS Camenzinds request for judicial notice.

## II. LEGAL STANDARD

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). Based on the statute's "permissive language," district courts have broad "discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995) (holding that review of district court "decisions about the propriety of hearing declaratory judgment actions" is "for abuse of discretion"). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

In deciding whether to stay or dismiss an action for declaratory relief, a district court should consider the three factors set forth in the United States Supreme Court's decision in *Brillhart. See R.R. St. & Co.*, 656 F.3d at 975. Specifically, a district court should (1) avoid needless determination of state law issues; (2) discourage litigants from filing declaratory actions as a means of forum shopping; and (3) avoid duplicative litigation. *Id.* (quoting *Dizol*, 133 F.3d at 1225). The three *Brillhart* factors are the "philosophic touchstone" of the *Brillhart* analysis. *Id.* In addition, the Ninth Circuit has suggested other considerations that may weigh in favor of a district court's decision to dismiss or stay an action for declaratory relief: whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought

3
Case No. 19-CV-00694-LHK
ORDER DENYING MOTION TO DISMISS OR STAY

merely for the purposes of procedural fencing or to obtain a res judicata advantage; whether the use of a declaratory action will result in entanglement between the federal and state court systems; the convenience of the parties; and the availability of and relative convenience of other remedies. *Dizol*, 133 F.3d at 1225 n.5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)). At bottom, "the district court must balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (internal quotation marks omitted).

### III. DISCUSSION

Camenzind argues that the Court should dismiss or stay the instant case because all three *Brillhart* factors weigh in favor of abstention. Mot. at 4–6. Starr argues that abstention is not warranted because none of the favors weigh in favor of abstention and because additional considerations militate against dismissal or stay of the case. Opp'n at 4–9. The Court will address each factor in turn.[1]

#### A. Needless Determination of State Issues

The first factor under the *Brillhart* analysis asks whether a remand will "avoid needless determination of state law issues." *Dizol*, 133 F.3d at 1225. "[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495).

The Court finds that this case would not involve a needless determination of state issues. The Court disagrees with Camenzind's assertion that Starr's action involves only "state law issues for a California insurance policy with a California claim." Reply at 2. However, the Ninth Circuit has cautioned that "[w]hether federal or local law applies to a maritime insurance contract can

---

[1] Because the Court's discretion to dismiss or stay the case are both governed by the *Brillhart* test, the Court need not consider these requests separately. *See Wilton*, 515 U.S. at 288 (affirming the district court's decision to stay the case in reliance on the *Brillhart* factors).

4
Case No. 19-CV-00694-LHK
ORDER DENYING MOTION TO DISMISS OR STAY

present a troublesome question." *Bohemia, Inc. v. Home Ins. Co.*, 725 F.2d 506, 509 (9th Cir. 1984) (quoting *Kalmbach, Inc. v. Ins. Co. of Pa.*, 529 F.2d 552, 554–55 (9th Cir. 1976)). Camenzind's argument that this case involves purely state law questions is thus overly conclusory. In fact, Starr identified a federal admiralty rule that likely governs the dispute at issue, which provides that "P&I provisions indemnify vessel owners only if their liability arises out of their ownership of an insured vessel." Opp'n at 5 (citing *City & County of San Francisco v. Underwriters at Lloyds, London*, 141 F.3d 1371, 1372 (9th Cir. 1998)). Thus, this case is distinguishable from cases where "the absence of an applicable federal maritime rule" would weigh in favor of dismissal because interpretation of the maritime insurance policy "*necessarily* will involve application of [state] law." *See, e.g.*, *Standard Fire Ins. v. Olsen*, No. CV 10-00056, 2010 WL 1689444, at *6 (N.D. Cal. Apr. 26, 2010) (emphasis added). Because this case likely involves federal admiralty law, rather than state insurance law, the Court finds that this factor weighs against abstention.

### B. Discouraging Forum Shopping

The second factor under the *Brillhart* analysis "usually is understood to favor discouraging an insurer from forum shopping, i.e., filing a federal declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). The Ninth Circuit has "also described this factor as relating to the defensive or reactive nature of a federal declaratory judgment suit." *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991) (internal quotation marks omitted), *overruled on other grounds by Dizol*, 133 F.3d at 1223. A litigant's "artful pleading" to either manufacture or circumvent federal court jurisdiction may constitute evidence of forum shopping. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001).

Here, the Court finds that there is no evidence that Starr engaged in forum shopping. Camenzind argues that Starr engaged in forum shopping by the very action of filing in federal court, Reply at 3, and that "there is no reason Starr could not have brought the case in California

5

court." Mot. at 5. But Starr was not a party in Williams's state court proceeding. *See* ECF No. 17, Ex. 1. Starr's filing in federal court does not belie any attempt to get a "second bite at the apple." *See Krieger*, 181 F.3d at 1119. Camenzind is wholly unable to articulate how Starr's federal action shows that it thought "it might fare better in federal court at the same time [Starr was] engaged in a state court action." *See id*. Nor does Camenzind argue that Starr engaged in artful pleading to manufacture federal jurisdiction, particularly when this Court's jurisdiction is premised both on diversity jurisdiction under 28 U.S.C. § 1332 and original admiralty jurisdiction under § 1333. *See* Compl. ¶ 1. This case is thus distinguishable from cases like *R&D Latex*, where the state court plaintiff had "artfully pleaded" its complaint as one for declaratory relief rather than damages for breach of contract, solely to avoid removal to federal court. *See* 242 F.3d at 1114. Because the Court does not have any indication that Starr engaged in forum shopping, this factor weighs against abstention.

### C. Avoiding Duplicative Litigation

The third *Brillhart* factor considers "the policy of avoidance of duplicative litigation." *Robsac Indus.*, 947 F.2d at 1373. "[T]he existence of a parallel state proceeding" is "a major factor in the district court's consideration of" whether to remand. *Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 754 (9th Cir. 1996), *overruled on other grounds by Dizol*, 133 F.3d at 1223; *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 144–45 (3d Cir. 2014) (citing *Golden Eagle* and noting that "the absence of pending parallel state proceedings militates significantly in favor of exercising federal jurisdiction). However, "the absence of a parallel state proceeding is not necessarily dispositive." *Golden Eagle Ins. Co.*, 103 F.3d at 754.

Here, the "parallel" state proceeding does not involve both parties. Although Camenzind is a defendant in the state tort case that underlies this insurance dispute, that case does not involve Starr. This insurance coverage dispute has little, if any, overlap over the issues to be decided by the state court. Specifically, the declaratory relief requested by Starr requires a determination whether it has a duty to defend or a duty to indemnify Camenzind stemming from Camenzind's insurance policies. Compl. ¶¶ 28–35. By contrast, as Camenzind itself acknowledges, the state

6

Case No. 19-CV-00694-LHK
ORDER DENYING MOTION TO DISMISS OR STAY

action will involve:

> (1) the type and extent of the knee injury suffered by the tort plaintiff, Mr. Williams; (2) the proximate cause of that injury given Mr. Williams' medical history (viz., gout in his knee); (3) Mr. Williams' status as a crew member of either Camenzind's or MB Marine's vessel; and (4) Mr. Williams' status as Jones Act seaman.

Mot. at 5. Crucially, Camenzind fails to explain how these questions would arise in the case at hand, which involves coverage, not liability. *See id.*; Reply at 2–3. Without more, the Court is unable to identify at this stage of the proceedings any meaningful overlap between this case and the state court case. This is not a case where a "federal declaratory suit is virtually the mirror image of" a parallel state court action. *See Robsac Indus.*, 947 F.2d at 1373. Accordingly, the Court finds that the third *Brillhart* factor weighs against abstention.

### D. Other *Dizol* Factors

In *Dizol*, the Ninth Circuit set forth additional factors that a district court might consider in addition to the *Brillhart* factors. Starr argues that some of these factors weigh in favor of this Court's exercise of its jurisdiction. Opp'n at 9. For example, Starr argues that the action "will clarify the legal relations" between Starr and Camenzind, and that the action will not lead to "federal-state court entanglement." *Id.* However, Starr's arguments are cursory, and Camenzind fails entirely to reply to them. In any event, the Court finds that all three *Brillhart* factors already weigh against abstention, and the Court need not consider these additional factors.

### IV. CONCLUSION

The Court finds that all three *Brillhart* factors weigh against abstention, and that Camenzind has failed to demonstrate any other reason why the Court should decline to exercise its jurisdiction to provide declaratory relief. Thus, for the foregoing reasons, the Court DENIES Camenzind's motion to dismiss or stay the case.

**IT IS SO ORDERED.**

Dated: October 11, 2019

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

7

Case No. 19-CV-00694-LHK
ORDER DENYING MOTION TO DISMISS OR STAY